26 F.3d 138
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles W. BRADY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3392.
 United States Court of Appeals, Federal Circuit.
 April 15, 1994.
 
 Before MICHEL, PLAGER and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner, Charles W. Brady, appeals from the May 5, 1993 decision of the Merit Systems Protection Board (Board), Docket No. BN0752920309-I-1, dismissing his petition for review of the Board's decision of September 30, 1992, as untimely filed. Because the Board did not abuse its discretion in holding that petitioner has failed to show good cause for filing over two months after the extended deadline, we affirm.
 
 DISCUSSION
 
 2
 This court must affirm a decision of the Board unless it determines that the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without following the procedures required by law, rule, or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 The Department of Labor removed petitioner from his position as a Safety and Occupational Health Specialist, effective August 20, 1990, for being absent without leave and failing to follow procedures for requesting leave. Because petitioner did not appeal the removal action until August 25, 1992, almost two years after his removal, his appeal was dismissed by the administrative judge (AJ) as untimely filed. 5 C.F.R. Sec. 1201.22(b) (1993) (An appeal must be filed within 20 days after the effective date of the agency action).
 
 
 4
 On November 4, 1992, petitioner requested and was granted a 20 day extension of time, until November 23, 1992, to file a petition for review with the Board. Approximately 11 weeks later, on February 11, 1993, petitioner filed further correspondence with the Board, which was treated as a petition for review. The Clerk issued a notice directing petitioner to show good cause for failing to file within the extension of time. After review of petitioner's affidavits, the Board dismissed the petition for review because it held no good cause for late filing had been shown.
 
 
 5
 On appeal to this court, petitioner alleges several errors seemingly directed to his initial appeal. First, petitioner argues he was not given notice of the time limits for filing an appeal to the Board. Next, petitioner alleges that the AJ erred because she failed to grant petitioner a hearing on the merits of his removal. These arguments are irrelevant, however, because the only issue presented here is whether the Board abused its discretion in declining to waive the extended time limit for filing the petition for review.
 
 
 6
 The Board may waive the time limit for filing a petition for review if the petitioner shows good cause for filing late. 5 U.S.C. Sec. 7701(e)(1) (1988); 5 C.F.R. Sec. 1201.22 (1993). To establish good cause, the petitioner must demonstrate that, under the particular circumstances, he exercised diligence or ordinary prudence. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc); Alonzo v. Department of the Air Force, 4 M.S.P.R. 180 (1980). In Mendoza, we said:
 
 
 7
 We have often stated that whether the regulatory time limit should be waived upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board ... [o]n appeal, we will disturb the grant or denial of such a waiver only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.
 
 
 8
 966 F.2d at 653 (emphasis added).
 
 
 9
 Petitioner alleges he showed diligence despite not complying with the extended deadline because: (1) he was legally inexperienced and unfamiliar with the Board's procedures; (2) he suffered from a mental and emotional condition preventing him from meeting the filing deadline; (3) his personal representative was not served with a copy of the extension of time; and (4) he was out of town during November and December 1992.
 
 
 10
 First, the Board noted that it had held a petitioner's legal inexperience did not warrant waiver of the Board's deadlines. See, e.g., Styskal v. Department of Veterans Affairs, 54 M.S.P.R. 270, 272 (1992). Second, the Board found petitioner failed to explain how his alleged mental condition degraded his ability to meet the Board's extended filing deadline and failed to provide documentation to support the alleged mental condition. Third, the Board found that failure to serve the extension of time notice on petitioner's representative did not establish diligence because the notice was mailed to petitioner's address of record, and because no designation of a legal representative had been received by the Board as of the time the order was issued. Fourth, the Board noted that petitioner did not explain why his extended absence from his address of record prevented him from meeting the Board's filing requirements or why he failed to direct Board correspondence to an alternative address. Moreover, the Board found petitioner failed to explain why he delayed filing his petition for review for more than a month after returning home and learning of the time extension.
 
 
 11
 The Board's findings are supported by substantial evidence. No error of law is asserted. We, therefore, hold that the Board did not abuse its discretion by not waiving the time limit because it correctly determined petitioner had failed to show diligence.